**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JT SUTTON,

                      Plaintiff,                            Civil No. 2:26-cv-10614

v.                                              Hon. Brandy R. McMillion

LEONARD TOWNSEND, *et al.*,

                      Defendants.

_____/

## ORDER SUMMARILY DISMISSING CASE

Plaintiff, J.T. Sutton,[1] a Michigan inmate presently incarcerated at the Ionia Correctional Facility, is serving a lengthy sentence for his Wayne Circuit Court conviction of armed robbery and felony-firearm. *See People v. Sutton*, No. 253177, 2005 WL 1812713 (Mich. Ct. App. Aug. 2, 2005). Sutton filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, seeking a declaratory judgment that his constitutional rights were violated at his state criminal trial. *See generally* ECF No. 1. He also seeks an order directing defendants to provide him with a new trial.[2] *Id.* The Court granted Sutton's application to proceed *in forma pauperis*, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. §

---

[1] The Michigan Department of Corrections identifies Plaintiff as "TJ Sutton" and lists J.T. Sutton as an alias. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=206240

[2] Concurrent with the filing of his Complaint, he also filed a Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3) and a Motion to Appoint Counsel (ECF No. 4).

1915(a)(1).   ECF No. 6.   For the reasons stated below, the Complaint will be summarily dismissed.

## I.

Sutton names five defendants in his complaint: (1) Hon. Leonard Townsend (the deceased trial judge who presided over his criminal case), (2) Hon. Shannon Walker (Judge Townsend's successor), (3) Theodore Sanberg (the trial prosecutor), (4) Susan Reed (Sutton's public defender), and (5) David Cripps (Sutton's appointed appellate counsel).   ECF No. 1, PageID.2.   He assets that Judge Townsend was biased against him and in retaliation for his complaints, proceedings were conducted in his absence in violation of the Sixth Amendment.   *Id.* at PageID.5-7.   Sutton alleges that the remaining defendants acquiesced in the constitutional violation, violating his right to the effective assistance of counsel.   *Id.* at PageID.3-8.

Sutton seeks a declaratory judgment that his constitutional rights were violated during his criminal proceedings, and for the Court to "[i]ssue an injunction ordering the defendants to grant a new trial by an impartial judge, provide plaintiff the effective assistance of counsel and all other rights that comport with due process and the U.S. constitutional requirements."   *Id.* at PageID.9.   Sutton also requests "any other relief as it may appear plaintiff is entitled to receive."   *Id.*

## II.

Civil complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.

The Complaint challenges the validity of Sutton's state criminal conviction. A claim under 42 U.S.C. § 1983, however, is an appropriate remedy for a state prisoner challenging a condition of imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question

3

by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted).   The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."   *Heck*, 512 U.S. at 486.   Consequently, Sutton's civil rights Complaint which directly challenges the validity of his state conviction is barred by the *Heck* doctrine and must be dismissed.

The proper instrument for a state prisoner to challenge a criminal conviction or sentence is a direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus.   *See Bey v. Gulley*, No. 02-71395, 2002 WL 1009488, at \*2 (E.D. Mich. May 6, 2002); *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019).   However, the Court cannot simply convert this civil rights complaint into a petition for a federal writ of habeas corpus:

> When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits.

*Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).  Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus.  *Id*.

*Bey*, 2002 WL 1009488, at *2.

## IV.

For these reasons, the Complaint must be dismissed without prejudice under *Heck*.  Accordingly, **IT IS HEREBY ORDERED** that the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS FURTHER ORDERED** that the Court further certifies that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that Sutton's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3) and a Motion to Appoint Counsel (ECF No. 4) are **DENIED AS MOOT**.

*This is a final Order that closes the case.*

**IT IS SO ORDERED**.

Dated:  February 27, 2026             s/Brandy R. McMillion
      Detroit, Michigan             Hon. Brandy R. McMillion
                         United States District Judge